UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| RAQUEL LEAL, § | |
| § | |
| Plaintiff, § | |
| v. § | CIVIL ACTION NO. M-11-346 |
| § | |
| BANK OF AMERICA, N. A., *et al*, § | |
| § | |
| Defendants. § | |

## ORDER

Pending before the Court is "Defendants' Motion to Dismiss and Brief in Support of Same"[1] ("Motion to Dismiss") filed by Defendants Bank of America, N.A. ("BANA") and Federal National Mortgage Association ("Fannie Mae"), (collectively "Defendants"). Plaintiff, Raquel Leal ("Leal"), did not respond. After reviewing the motion, record and controlling authorities, for the reasons stated below, the Motion to Dismiss is **GRANTED**.

### I. Background

Plaintiff filed an original petition and application for a temporary restraining order in state court on February 22, 2011.[2] Leal's petition asserts several causes of action relating to the foreclosure of her residence: (1) fraudulent inducement and misrepresentation; (2) fraud; (3) breach of contract; (4) unjust enrichment; (5) violations of the Texas Deceptive Trade Practices and Consumer Protection Act ("DTPA"); (6) duress; and (7) wrongful foreclosure.[3] The state

---

[1] Dkt. No. 4.
[2] Dkt. No. 1, Attach. 1 at p. 6.
[3] *Id*.

court issued the temporary restraining order requested by Leal on February 24, 2011.[4] On March 7, 2011, Defendants filed a joint answer in state court.[5]

On November 18, 2011, Defendants removed this action on the basis of diversity of citizenship.[6] On November 22, 2011, Defendants filed the Motion to Dismiss for failure to state a claim upon which relief can be granted.[7] Despite the Court granting her additional time to either obtain new counsel or file a responsive pleading herself,[8] Leal has failed to respond to this motion.[9] On March 12, 2012, the Court considered and granted a motion to dismiss by another defendant in this action, Barrett Daffin Frappier Turner & Engel, L.L.P.[10]

## II. Analysis

### A. *Legal Standard*

After a party has answered a complaint, the proper mechanism for removing a claim from the Court's consideration is a judgment on the pleadings under Federal Rule of Civil Procedure 12(c), as opposed to a motion to dismiss under Rule 12(b)(6).[11] Defendants answered Leal's complaint on March 7, 2011.[12] Although Defendants bring this Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court will treat the motion as a Rule 12(c) motion for judgment on the pleadings.[13] However, this does not change the substantive analysis since the

---

[4] Dkt. No. 1, Attach. 1 at p. 29.
[5] Dkt. No. 1, Attach. 1 at p. 31.
[6] Dkt. No. 1.
[7] Dkt. No. 4.
[8] Dkt. No. 9 (granting an extension for Leal to obtain new counsel or proceed *pro se*).
[9] *See* Dkt. Nos. 7 & 9.
[10] Dkt. No. 16.
[11] FED. R. CIV. P. 12(c) ("Motion for Judgment on the Pleadings. After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings.").
[12] Dkt. No. 1, Attach. 1 at p. 31.
[13] The Court notes that, alternatively, the analysis could be conducted as a motion for summary judgment. In their motion to dismiss, Defendants argue that a motion to dismiss analysis is appropriate notwithstanding their attachment of documents that were not included in the pleadings. However, these attachments, most specifically the Acceleration and Sale Notice (Exhibit B of the motion to dismiss), are not "referred to in the complaint and central to the plaintiff's claim." Moreover, Leal was put on notice of the Court's possible consideration of the

Court analyzes Rule 12(c) motions for judgment on the pleadings by the same standard as Rule 12(b)(6) motions to dismiss.[14]

At the motion to dismiss stage, the Court limits its inquiry "to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."[15] "To survive a 12(b) motion to dismiss the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[16] This does not require detailed factual allegations, but it does require "more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[17] The Court regards all such well-pleaded facts as true and views them in the light most favorable to the plaintiff.[18] Considered in that manner, factual allegations must raise a right of relief above the speculative level.[19]

Pursuant to the Supreme Court precedent in *Ashcroft v. Iqbal*,[20] the Court first disregards from its analysis any conclusory allegations as not entitled to the assumption of truth.[21] The Court then undertakes the "context-specific" task of determining whether well-pleaded allegations give rise to an entitlement of relief to an extent that is plausible, rather than merely possible or conceivable.[22] In this case, the Court considers the plausibility of relief against BANA and Fannie Mae independently, despite their joint filing of the Motion to Dismiss.

---

motion under a summary judgment standard by the Defendants' argument against that very real possibility. As noted above, Leal has chosen not to respond to the motion to dismiss.

[14] *See* Doe v. MySpace, Inc., 528 F.3d 413, 419 (5th Cir. 2008) ("A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6).") (citing Johnson v. Johnson, 385 F.3d 503, 529 (5th Cir.2004)) (internal citations omitted).

[15] Wilson v. Birnberg, 667 F.3d 591, 600 (5th Cir. 2012) (quoting Lovelace v. Software Spectrum Inc., 78 F.3d 1015, 1017 (5th Cir. 1996)) (internal quotations omitted).

[16] In re Katrina Canal Breaches Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007), cert. denied, 552 U.S. 1182 (2008)).

[17] *Twombly*, 550 U.S. at 555.

[18] *Id*.

[19] *In re Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).

[20] Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

[21] *See id.* at 1949-50 (2009).

[22] *See id.*

B.  *Heightened Pleading Requirement under Federal Rule of Civil Procedure 9(b)*

In the Motion to Dismiss, Defendants argue that Leal's fraud-related claims are insufficient under the heightened pleading requirement of Federal Rule of Civil Procedure 9(b), which requires a plaintiff pleading fraud to do so with particularity.[23] The practical effect of Rule 9(b) is that a plaintiff must allege the "who, what, when, where, and how,"[24] such that the pleading identifies: who made the allegedly fraudulent statement, what statements are contended to be fraudulent, where and when the statements were made, and how the statements were fraudulent.[25]

C.  *Applicable Texas Law*

This Court's jurisdiction is invoked on the basis of diversity of citizenship[26] and this Court, *Erie*-bound, must adhere to grounds of relief authorized by the state law of Texas.[27] Absent a decision by a state's highest tribunal, the decisions by Texas courts of appeals are controlling "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[28]

D.  *Leal's Fraud-Related Claims*

The Court now applies Rule 9(b)'s pleading requirement to Leal's claims for fraud, fraudulent inducement and misrepresentation. Even though Leal's claims do not expressly incorporate the facts alleged earlier in her complaint, the Court will nonetheless consider those earlier-alleged facts, along with the attachments incorporated by reference.[29]

---

[23] Dkt. No. 4 at pp. 3-4.
[24] Benchmark Electronics, Inc. v. J.M. Huber Corporation, 343 F.3d 719, 724 (5th Cir. 2003) (internal citations and quotations omitted).
[25] *See* Sullivan v. Leor Energy, LLC, 600 F.3d 542, 551 (5th Cir. 2010) (internal citation and quotations omitted).
[26] Dkt. No. 1 at pp. 2-5.
[27] *See* Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas, 889 F.2d 674, 676 (5th Cir. 1989), *cert. denied*, 496 U.S. 943 (1990); *see also* Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938).
[28] *Id*. (quoting West v. AT&T, 311 U.S. 223, 237 (1940)) (internal quotations omitted).
[29] Dkt. No. 1, Attach. 1 at pp. 7-8.

Under Texas law, a plaintiff seeking to prevail on a fraud claim must prove: (1) the defendant made a material representation that was false; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth; (3) the defendant intended to induce the plaintiff to act upon the representation; and (4) the plaintiff actually and justifiably relied upon the representation and thereby suffered injury.[30] However, in alleging her fraud claim, Leal merely states in her complaint that Defendants foreclosed on the property, making no mention there of any misrepresentation, scienter, reliance or causation.[31] Even when the Court includes earlier-alleged facts and their referenced attachments, the complaint fails to particularly allege the required scienter and causation elements. For that reason, the Court finds Leal's claim of fraud, as alleged against both BANA and Fannie Mae, fails to state a claim with the requisite particularity and is hereby **DISMISSED**.

A claim for fraudulent inducement must satisfy the same elements as a claim for fraud.[32] However, "[f]raudulent inducement 'is a particular species of fraud that arises only in the context of a contract and requires the existence of a contract as part of its proof. That is, with a fraudulent inducement claim, the elements of fraud must be established as they relate to an agreement between the parties.'"[33] Leal's claim for fraudulent inducement does contain an admittedly vague reference to "the agreement."[34] This reference, combined with earlier-alleged facts, sufficiently describes an agreement for the purposes of this analysis, as discussed more fully below.[35] However, Leal's factual allegations supporting this claim: (1) are the same as

---

[30] *See Exxon Corp.*, 348 S.W.3d at 217 (Tex. 2011).
[31] Dkt. No. 1, Attach. 1 at p. 9.
[32] *See Bohnsack v. Varco, LP*, 668 F.3d 262, 277 (5th Cir. 2012).
[33] *Id.* (quoting *Haase v. Glazner*, 62 S.W.3d 795, 798-99 (Tex. 2001)).
[34] Dkt. No. 1, Attach. 1 at p. 8.
[35] *See* II(D), *infra*.

those supporting the fraud claim; (2) are subject to the same heightened pleading standards under Rule 9(b) as the fraud claim; and (3) are similarly insufficient to allege the elements of fraud as they relate to the agreement.[36] As a result, the Court finds Leal's fraudulent inducement claim fails to state her claim with the requisite particularity. Thus, Leal's claim for fraudulent inducement against both BANA and Fannie Mae is **DISMISSED**.

### E.  *Leal's Breach of Contract Claim*

The Court now addresses Leal's breach of contract claim, stated in her complaint as follows:

> Plaintiff Raquel Leal herein brings this action for breach of contract. In this regard, Plaintiff would allege that there is a valid written contract between all the parties, thereby precluding the foreclosure of the property, pursuant to the agreement reached between the parties for the purchase of the home. This is/was an enforceable and binding contract between the parties, which was breached when Defendants foreclosed, thus engaged in an action which, at the very least is an anticipatory breach.[37]

"In Texas, the essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[38]

As an initial matter, although Leal alleges this claim against "all parties," her factual support only applies to BANA; the allegations against Fannie Mae are merely conclusory.[39] As a result, Leal's claim for breach of contract against Fannie Mae is **DISMISSED**.

Leal does not state which agreement is the basis of her breach of contract claim. Pursuant to its obligation to view factual allegations in the light most favorable to the plaintiff at this stage of the proceedings, the Court now analyzes the sufficiency of the claim as applied to each of two

---

[36] *Id.*
[37] Dkt. No. 1, Attach. 1 at p. 9.
[38] Mullins v. TestAmerica, Inc., 564 F.3d 386, 418 (5th Cir. 2009) (citing Aguiar v. Segal, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)) (internal quotations omitted).
[39] Dkt. No. 1, Attach. 1 at pp. 17-23; *see also* fn. 17, *supra*.

agreements: (1) an underlying loan agreement for the purchase of the home ("Underlying Agreement") and (2) an agreement to delay the sale of the property during the modification application process ("Forbearance Agreement").[40]

The Court finds that any breach of contract claim arising from the Underlying Agreement cannot survive the Motion to Dismiss because Leal failed to affirmatively allege that she tendered performance. Absent performance or tendered performance, a claimant must at least allege excusal from doing so.[41] This requirement results from the principle that a party in breach of a contract cannot assert a claim for breach of the same contract.[42] Therefore, because Leal cannot prevail on a claim based on breach of the underlying loan agreement, any breach of contract claim arising out of that agreement is **DISMISSED**.

The Court now turns its analysis to Leal's breach of contract claim as applied to the Forbearance Agreement. Leal alleges the existence of a valid written contract by which Leal would apply for a loan modification and, in exchange, BANA would not conduct a foreclosure sale of the property during the evaluation of Leal's application.[43] Even assuming that Leal's complaint sufficiently alleges both a valid agreement[44] and her tender of performance,[45] Leal has failed to provide sufficient evidence to support breach of that agreement by BANA. Although Leal makes the bare allegation that BANA breached the Forbearance Agreement when it

---

[40] *Twombly*, 550 U.S. at 555.
[41] *See* Oliver v. Hill, No. 01-10-00475-CV, 2011 WL 5026401, at *2 (Tex. App.—Houston [1st Dist.] Oct. 20, 2011) (citing Valero Mktg. & Supply Co. v. Kalama Int'l, 51 S.W.3d 345, 351 (Tex. App—Houston [1st Dist.] 2001, no pet.); *see also* Camping Roofing Ltd. V. Park Side Villas I, LLC, No. 10–10–00417–CV, 2011 WL 5829558, at *2 (Tex. App.—Waco Nov.2, 2011) ("To prove an action for breach of contract, a plaintiff must establish it performed, tendered performance of, or was excused from performing its contractual obligations.") (internal citations omitted).
[42] *See* Gulf Pipe Line Co. Nearen, 138 S.W.2d 1065, 1068 (Tex. 1940) ("It is also elementary that a party to a contract who is himself in default cannot maintain a suit for its breach.").
[43] Dkt. No. 1, Attach. 1.
[44] *Id.* at pp. 17-20.
[45] *Id.* at p. 22.

conducted the foreclosure sale during the evaluation period,[46] her factual support for the breach includes only (1) a letter giving notice that her application for a loan modification had been denied, dated February 3rd, 2011,[47] and (2) a second letter advising Leal that foreclosure sale occurred on February 1st, 2011.[48] These letters do not support the allegation of a foreclosure sale during the evaluation period; at most, the letters only indicate that BANA conducted the foreclosure sale before Leal received notice that her application was denied.

Alternatively, even assuming that the evaluation process continued beyond the foreclosure sale (i.e. the evaluation period did not end until February 2nd or 3rd), Leal's complaint does not allege any damages as a result of the alleged breach, nor does it allege any basis for a reasonable inference thereof. Therefore, Leal fails to state a claim upon which relief can be granted and any claim for breach of contract arising out of the Forbearance Agreement is **DISMISSED**.

### F. *Leal's Unjust Enrichment Claim*

The Court now addresses Leal's claim of unjust enrichment. Unjust enrichment is a quasi-contractual claim that arises out of equitable principles.[49] Under Texas law, "[a] party may recover under the unjust enrichment theory when one person has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."[50]

The Court first notes that Leal fails to identify any potential benefit she provided to the Defendants pursuant to the Forbearance Agreement. Insofar as she alleges that Defendants

---

[46] Dkt. No. 1, Attach. 1 at p. 10.
[47] *Id*. at p. 23.
[48] *Id*. at p. 27.
[49] *See* Fortune Production Co. v. Conoco, Inc., 52 S.W.3d 671, 683-84 (Tex. 2000).
[50] Southwestern Bell Telephone Company v. Marketing On Hold Inc., 308 S.W.3d 909, 922 (Tex.2010) (quoting Heldenfels Bros., Inc. v. Corpus Christi, 832 S.W.2d 39, 41 (Tex.1992)) (internal quotations omitted).

received a benefit by taking ownership of the property, the Court will construe this claim as though it applies to the underlying agreement.

Defendants assert that Leal's claim for unjust enrichment must fail because it arises under a transaction governed by a valid contract.[51] "When a valid agreement already addresses the matter, recovery under an equitable theory is generally inconsistent with the express agreement."[52] However, the Texas Supreme Court earlier noted that, while "[p]laintiffs cannot *recover* for *quantum meruit* where a valid express contract exists," a party to a contract may nonetheless "*seek* alternative relief under both contract and quasi-contract."[53] Thus, even though Leal's claims arise out of the contractual agreement, her claim for unjust enrichment does not fail for this reason.[54]

Nevertheless, the Court finds that her claim does fail to survive the motion because she has not alleged the basic requirement that Defendants received a benefit "by fraud, duress, or the taking of undue advantage." Her claim essentially asserts that Defendants received a benefit and have not offered compensation in return, which is insufficient to support a claim for unjust enrichment. As a result, Leal's unjust enrichment claim is **DISMISSED**.

### G. *Leal's Claim for Violations of the DTPA*

Leal brings a claim for DTPA violations, specifically alleging material misrepresentation, breach of contract, and deceptive business practices.[55] The DTPA incorporates a threshold standing inquiry: claims under the statute may be asserted only by a "consumer,"[56] defined as

---

[51] Dkt. No. 4 at p. 12.
[52] Excess Underwriters at Lloyd's, London v. Frank's Casing Crew & Rental Tools, Inc., 246 S.W.3d 42 (Tex. 2008) (citing Fortune Prod. Co. v. Conoco, Inc., 52 S.W.3d 671, 684 (Tex. 2000)) (internal quotations omitted).
[53] In re Kellogg Brown & Root Inc., 166 S.W.3d 732, 740 (Tex. 2005) (emphasis added).
[54] Dkt. No. 1, Attach. 1 at pp. 9-10.
[55] Dkt. No. 1, Attach. 1 at p. 10.
[56] TEX. BUS. & COM. CODE ANN. § 17.45(4) (Vernon 2001).

one who asserts an acquired good or service as the basis of the complaint.[57] This statutory definition requires the Court to identify the object of the transaction;[58] here, Leal alleges a loan modification as the "good or service" forming the basis of her complaint. But Texas courts have repeatedly held that "a person cannot qualify as a consumer if the underlying transaction is a pure loan because money is considered neither a good nor a service [under the DTPA]."[59] Thus, Leal lacks consumer status and her claim for DTPA violations fails as a result of an incurable defect and is **DISMISSED**.

### H. *Leal's Claim for Duress*

Defendants contend that Texas does not recognize duress as a cause of action, but instead limits its application to an affirmative defense.[60] While Defendants are correct that Texas law statutorily defines duress as an affirmative defense,[61] Texas courts have recognized duress as an independent cause of action. "Duress is a tort. It often arises in connection with breach of contract, but it is nevertheless a tort, and it is not necessary that there should have been privity of contract between the parties as a prerequisite for such a tort action. One who sustains damage as a result of being subjected to duress may sue as plaintiff against the wrongdoer."[62]

Leal's duress claim is very vague: "Defendants took unjust advantage of Plaintiff's economic necessity and distress." It is more accurately interpreted as a claim for economic duress. The elements of economic duress in Texas tort law are: (1) a threat to do something

---

[57] *See id.*
[58] Cameron v. Terrell & Garrett, Inc., 618 S.W.2d 535, 539 (Tex. 1981); *see also*, Walker v. Fed. Deposit Ins. Corp., 970 F.2d 114, 123 (5th Cir. 1992).
[59] *See* Fix v. Flagstar, F.S.B., 242 S.W.3d 147, 160-61 (Tex. App.—Ft. Worth 2007, review denied). *See also* Everson v. Mineola Comm. Bank, S.S.B., No. 12-05-334-CV, 2006 WL 2106959 (Tex. App.—Tyler, July 31, 2006, review denied) (holding plaintiffs were not DTPA consumers in claim based on mortgage and wrongful foreclosure); Riverside Nat'l Bank v. Lewis, 603 S.W.2d 169, 173-74 (Tex. 1980) (holding plaintiff not DTPA consumer in claim based on refinance of car loan).
[60] Dkt. No. 4 at p. 12.
[61] *See* TEX. R. CIV. P. 94.
[62] United States v. Hubbell, 323 F.2d 197, 199 (5th Cir. 1963) (quoting Housing Authority of City of Dallas v. Hubbell, 325 S.W.2d 880, 902 (Tex.App.—Dallas, March 13, 1959), *writ ref'd n.r.e.*, Oct. 8, 1959) (internal quotations omitted).

beyond the legal right of the party making the threat; (2) an "illegal exaction or some fraud or deception" occurs; and (3) a restraint arises that is "imminent" and destroys "free agency without present means of protection."[63] Additionally, the above elements of economic duress serve as an accurate analytical rubric for any type of duress because, as noted by the Texas Supreme Court, "[a] common element of duress in all its forms... is improper or unlawful conduct or threat of improper or unlawful conduct that is intended to and does interfere with another person's exercise of free will and judgment."[64]

The Court finds that Leal's duress claim fails to state a claim upon which relief can be granted. Though Leal makes several conclusory allegations, her complaint is bereft of any factual allegations that would raise a right of relief above a speculative level;[65] her claim fails by not offering "more than labels and conclusions."[66] Leal has made no assertions (in the complaint, earlier-alleged facts, or attachments incorporated by reference) to support her assertions of "unjust advantage," "coercion," or any alternate course of action available to Leal that would have lead to a different outcome.[67] As a result, the Court **DISMISSES** Leal's claim of duress as to both BANA and Fannie Mae.

### E. Leal's Claim for Wrongful Foreclosure

The Court now considers Leal's claim for wrongful foreclosure. Under Texas law a claim for wrongful foreclosure must satisfy the following elements: (1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price, and (3) a causal connection between the

---

[63] *See* Schlotzsky's, Ltd. v. Sterling Purchasing and Nat. Distribution Co., Inc., 520 F.3d 393, 404 (5th Cir. 2008) (quoting Beijing Metal & Minerals v. American Business Ctr., 993 F.2d 1178, 1184-85 (5th Cir.1993)) (internal quotations omitted).
[64] Dallas County Community College Dist. v. Bolton, 185 S.W.3d 868, 878-79 (Tex. 2005).
[65] *Katrina Canal*, 495 F.3d at 205 (quoting *Twombly*, 550 U.S. at 555).
[66] *Twombly*, 550 U.S. at 555.
[67] Dkt. No. 1, Attach. 1 at p. 5.

defect and the grossly inadequate selling price.[68] Leal alleges that notice of sale was deficient, which the Court finds sufficient to allege a defect in the foreclosure sale proceedings.[69] However, her claim does not survive the Motion to Dismiss because it in no way addresses the selling price at foreclosure, and thus does not allege the second and third elements of the claim.[70] Accordingly, Leal's claim for wrongful foreclosure is **DISMISSED**.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is **GRANTED** as to all claims and Leal's claims against BANA and Fannie Mae are hereby DISMISSED. A separate final judgment will issue.

IT IS SO ORDERED.

DONE this 20th day of April, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

---

[68] *See* Charter Nat'l Bank-Houston v. Stevens, 781 S.W.2d 368, 371 (Tex.App.—Houston [14th Dist.] 1989, writ denied).
[69] Dkt. No. 1, Attach. 1 at 5-6.
[70] *Id*.